Filed 6/8/26  In re Lucas J. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re LUCAS J. and MARIO B., Persons Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ZACHARY B., <br><br> Defendant and Appellant. | A174350, A174358 <br><br> (City & County of San Francisco Super. Ct. Nos. JD24-3071, JD24-3072) |

### MEMORANDUM OPINION[1]

Appellant, Zachary B. (father), is the biological father of Mario B., born in April 2024, and the presumed father of Lucas J., born in May 2023 (collectively, minors).[2]  Father appeals from the juvenile court's order of legal guardianship as the permanent plan for minors under Welfare and

---

[1] Father raises no substantial issues of law or fact.  We thus resolve his consolidated appeals by abbreviated form of opinion as permitted by California Standards of Judicial Administration section 8.1.

[2] Minors' mother and Lucas's biological father are not parties to this appeal.  As such, facts related to them will be limited to those relevant to father's contentions on appeal.

Institutions Code section 366.26.[3]  Father raises two issues, one of which is conceded by plaintiff, the San Francisco Human Services Agency (agency). Father argues the juvenile court abused its discretion by limiting his supervised visitation with minors to once a month for three hours.  As to Mario only, father also argues, and the agency concedes, that the requisite inquiry under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA) was not undertaken with respect to the paternal grandfather.

We uphold the visitation order as a proper exercise of the juvenile court's discretion.  As to the ICWA issue, conceded as error by the agency, we conditionally reverse and remand the case to the juvenile court to ensure ICWA compliance as to Mario.

## FACTUAL AND PROCEDURAL BACKGROUND

Both father and mother have a long history of substance abuse and domestic violence.  In April 2024, minors were detained and placed in foster care shortly after Mario's birth, when he tested positive for fentanyl and amphetamines and mother failed to take him for follow-up appointments related to his condition.  Lucas also tested positive at birth for the same substances.  Based on these concerns, the agency filed dependency petitions on April 23, 2024.

On August 21, 2024, the court sustained the allegations in an amended petition, finding that Lucas and Mario were minors described by section 300, subdivisions (b) and (g).

On September 4, 2025, the matter proceeded to a permanency planning hearing under section 366.26.  After hearing testimony from the agency's protective services worker and father, the court ordered a permanent plan for

---

[3] All statutory citations herein are to the Welfare and Institutions Code.

minors of legal guardianship with their maternal grandparents. The court also ordered supervised visitation for father once a month for three hours. Afterward, the court dismissed the dependency.

On September 16, 2025, father filed a timely notice of appeal as to each minor.

## DISCUSSION

### I.    *Visitation Order.*

Section 366.26, subdivision (c)(4)(C) provides that when guardianship is selected as the appropriate plan at a permanency planning hearing, "[t]he court shall also make an order for visitation with the parents . . . unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child."

The juvenile court is afforded wide discretion in determining the appropriate terms and conditions of visitation between dependent children and their parents. (*In re Megan B.* (1991) 235 Cal.App.3d 942, 953.) On appeal, we review a juvenile's court visitation order for abuse of discretion. (*In re Julie M.* (1999) 69 Cal.App.4th 41, 48–51.) We disturb the visitation order only if the juvenile court exceeded the bounds of reason. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

Here, there was no abuse of discretion in providing father three hours of supervised visitation once a month. While father claims he should have received visitation "at least twice a month" because "three hours once a month did not allow [him] to maintain a parental relationship with [minors]," the court had reasonable grounds to disagree.

In particular, the record shows that at the time of the September 2025 permanency planning hearing, father had not visited minors since February 2025. There were also multiple documented incidents of domestic violence

3

between father and mother, including an incident on March 6, 2025, wherein father was " 'hearing voices' " and threw mother on the floor, grabbed her face to " 'shut [her] up,' " and kicked her. The legal guardians (maternal grandparents) reported concerns to the agency regarding father's behavior, including his substance abuse and violence toward mother. Finally, despite his long history of substance abuse, which the agency suspected was ongoing, father had failed to engage in any of the services offered to him under the reunification plan to address his condition.

Under these circumstances, the juvenile court reasonably found that a legal guardianship for minors with maternal grandparents, with father granted supervised visitation once a month for three hours, would best serve minors' primary need for permanency and stability. (*In re Stephanie M., supra*, 7 Cal.4th at p. 317 [after reunification services are terminated, a parent's interest in the care, custody, and companionship of the child is no longer paramount and the court's focus shifts to the child's needs for permanency and stability].)

## II.    *ICWA Inquiry.*

Father's remaining contention is that the juvenile court's implied findings on April 24, May 2, and September 4, 2025, that ICWA (and California's analogue statutes) did not apply to Mario must be conditionally reversed because the agency failed to inquire as to whether paternal grandfather had Native American ancestry. The agency agrees with this contention. We do too.

"Under ICWA's state analogue statutes (Cal-ICWA; Welf. & Inst. Code, § 224 et seq.), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases. (Welf. & Inst. Code, § 224.2, subd. (a).)

4

Child welfare agencies discharge this state law duty by 'asking the child, parents, legal guardian, Indian custodian, *extended family members*, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.' (Welf. & Inst. Code, § 224.2, subd. (b).)" (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125, italics added, fn. omitted (*Dezi C.*).)

"When there is an inadequate inquiry and the record is underdeveloped, it is impossible for reviewing courts to assess prejudice because we simply do not know what additional information will be revealed from an adequate inquiry. [Thus,] an inadequate Cal-ICWA inquiry requires conditional reversal of the juvenile court's order terminating parental rights with directions to the agency to conduct an adequate inquiry, supported by record documentation." (*Dezi C., supra*, 16 Cal.5th at p. 1125.)

This rule applies here. As the agency concedes, "[t]he record does not show paternal relatives were asked about Indian ancestry." Because the mandatory ICWA inquiry was not completed as to Mario's paternal grandfather and possibly other paternal relatives, the appropriate course of action is a conditional reversal with an order that such inquiry be undertaken and documented.

## DISPOSITION

This case is conditionally reversed and remanded to the juvenile court for compliance with the inquiry requirements of ICWA and Cal-ICWA with respect to Mario's paternal relatives. In all other respects, the order of September 4, 2025, is affirmed.

5

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A174350, A174358/*S.F. Human Services Agency v. Zachary B.*

6